**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000888**
**12-OCT-2015**
**08:59 AM**

NO. CAAP-14-0000888

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PHILLIP GEE, AGENT FOR ESTATE OF BEATRICE PANG
AND FAMILY TRUST, Plaintiff-Appellant, v.
RICHARD G. LOO, SHERRIE LYNN LOO,
WALLACE D. LOO, Defendants-Appellees


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL CASE NO. 1RC12-1-2466)

MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Ginoza, JJ.)

Plaintiff-Appellant Philip Gee, Agent for the Estate of
Beatrice Pang and Family Trust (**Gee**), appeals from the Judgment
entered on May 15, 2014 in the District Court of the First
Circuit[1] (**district court**).

On appeal, Gee contends the district court erred in:

(1) determining that he had failed to produce
sufficient evidence to support an award of damages for breach of
contract in the amount of $8,026.12;

(2) denying his request to deduct $850.00 from the
security deposit;

(3) refusing to award him pre-judgment interest of
$827.31; and

---

[1]     The Honorable Melanie May presided.

(4) denying his "Non-Hearing Motion for Findings of Fact and Conclusions of Law" (**Motion for FOF/COL**) for purposes of this appeal.

## I. BACKGROUND

Gee, as a landlord, entered into a rental agreement with tenants, Defendants-Appellees Richard Loo, Sherrie Lynn Loo, and Wallace D. Loo (**Wallace**) (collectively, **Appellees**), on February 20, 2009. On December 22, 2011, the condominium association, Association of Apartment Owners of Kaimana Lanais (**AOAO**), sent a demand letter to Gee to evict his tenants based on violations of AOAO rules. In January 2012, Appellees signed a letter acknowledging that they would vacate the rental unit by February 23, 2012, but did not do so.

Gee filed a complaint against Appellees in the district court on April 12, 2012. Appellees vacated the rental unit on May 3, 2012. On or around May 23, 2012, Gee sent Wallace a letter outlining charges to be passed on to Appellees and deductions from their security deposit.

On May 20, 2013, Gee filed a "Non-Hearing Motion for Default Judgment" (**Motion for Default Judgment**) The district court granted in part a renewed version of the motion on May 8, 2014. The district court received Gee's Motion for FOF/COL on May 12, 2014 and filed the denial of the motion on June 5, 2014. The district court entered the Judgment on May 15, 2014.

## II. STANDARD OF REVIEW

### A. Findings of Fact and Conclusions of Law (FOF/COL)

A trial court's findings of fact (**FOF**) are reviewed under the clearly erroneous standard. Leslie v. Estate of Tavares, 91 Hawaiʻi 394, 399, 984 P.2d 1220, 1225 (1999). "An FOF is also clearly erroneous when the record lacks substantial evidence to support the finding. [The Hawaiʻi Supreme Court has] defined 'substantial evidence' as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (quoting State

v. Kotis, 91 Hawai'i 319, 328, 984 P.2d 78, 87 (1999)) (citations and internal quotation marks omitted).

"A trial court's conclusions of law [(**COL**)] are reviewed *de novo*, under the right/wrong standard of review." In re Estate of Kam, 110 Hawai'i 8, 18, 129 P.3d 511, 521 (2006) (quoting Child Support Enforcement Agency v. Roe, 96 Hawai'i 1, 11, 25 P.3d 60, 70 (2001) (citations and internal quotation marks omitted).

"However, a COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case." Chun v. Bd. of Trustees of Employees' Ret. Sys. Of State of Hawai'i, 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005) (quoting Allstate Ins. Co. V. Ponce, 105 Hawai'i 445, 453, 99 P.3d 96, 104 (2004) (citations and internal quotation marks omitted).

**B. Pre-Judgment Interest Awards**

"An award of prejudgment interest is reviewed for abuse of discretion." Tri-S Corp. V. Western World Ins. Co., 110 Hawai'i 473, 489, 135 P.3d 82, 98 (2006) (citing Amfac, Inc. V. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 137, 839 P.2d 10, 36 (1992)). An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Amfac, 74 Haw. at 114, 839 P.2d at 26.

### III. DISCUSSION

**A. Breach of Contract Award**

Gee argues that the district court's reduction of the principal amount claimed from $8,026.12 to $5,115.26[2] was reversible error and was based on an inadequate explanation. As a mixed question of fact and law, this court reviews whether the reduction was clearly erroneous. Leslie, 91 Hawai'i at 399, 984 P.2d at 1225.

---

[2]     Gee misstates the reduction as $5,515.26 instead of $5,115.26.

In his memorandum in support of the Motion for Default Judgment, Gee stated the Appellees owed $4,315.97 in back rent, hold over tenancy rent, and late fees. An additional amount of $3,095.26 was for the AOAO's attorney's fees, which Gee requested in the principal award. Gee also requested his own attorney's fees, in the amount of $1,164.89, which he considered "the cost of additional rent." Gee subtracted a $550 credit from Appellee's security deposit to arrive at the total requested amount of $8,026.12.

The district court gave no explanation for its reduction other than its conclusion, "Damages not awarded were due to insufficiency of proof." Based on Gee's proffered evidence, it is unclear how the district court arrived at its reduced award of $5,115.26. The district court's reduction was clearly erroneous. Leslie, 91 Hawai'i at 399, 984 P.2d at 1225.

**B. Security Deposit Deduction**

Gee argues that the district court's denial of his requested deductions from the security deposit was reversible error because the district court's explanation was inadequate.

The district court entered a line-item subtraction from the total default judgment award in the amount of $1,400 for "security deposit." The district court gave no explanation for this amount other than its summary conclusion "Damages not awarded were due to insufficiency of proof."

In his Motion for Default Judgment, Gee listed a number of deductions from the security deposit that totaled $850. In his declaration, Gee listed the deductions: "i. $400.00 for one half rug replacement costs; ii. $150.00 to purchase and install vanity mirror; iii. $150.00 to purchase and replace toilet; iv. $50.00 to clean jalousie and oven; and v. $100.00 to repair holes in walls." Attached as Exhibit 11 to Gee's declaration, Gee provided a more detailed explanation for the deductions in a note he sent to Wallace on or around May 23, 2013:

| | | |
|---|---|---|
| 5/16/12 | Estimated Carpet Replacement $800.00 x .5 | $400.00 |
| 5/16/12 | Vanity Mirror (54" x 33") and | |

4

| | | |
|---|---|---|
| | installation | $150.00 |
| 5/16/12 | Toilet tank cover (possible toilet replace. [sic] to match) | $150.00 |
| 5/16/12 | Jalousies, clean oven and toilet | $50.00 |
| 5/16/12 | Damage to walls (match texture to blend in) | $100.00 |

Gee failed to provide sufficient evidence of the costs underlying the deductions for the security deposit. Hawaii Revised Statutes (**HRS**) § 521-44(c) (2006 Repl.) requires Gee to provide "written evidence of the costs of remedying tenant defaults, such as estimates or invoices for material and services or the costs of cleaning, such as receipts for supplies and equipment or charges for cleaning services." Gee provided merely a list of deductions, which appear to be his own estimates of the costs of repair, replacement, or cleaning. The district court's finding against the security deposit deductions was therefore not clearly erroneous. Leslie, 91 Hawai'i at 399, 984 P.2d at 1225.

**C. Pre-Judgment Interest Award**

Gee argues that the district court should have awarded prejudgment interest accruing from June 3, 2012, thirty days after the date that Appellees surrendered possession of the apartment.

An award of prejudgment interest is authorized under HRS section 636-16 (1993).[3] "The purpose of [HRS § 636-16] is to allow the court to designate the commencement date of interest in order to correct injustice when a judgment is delayed for a long period of time for any reason, including litigation delays." Amfac, 75 Haw. at 136, 839 P.2d at 36 (citations, internal quotation marks, ellipsis, and brackets omitted). A finding of

---

[3]     HRS § 636-16 states,

§636-16 **Awarding interest.** In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred.

fault is not a precursor to an award of prejudgment interest, and "where no fault is found on either side, the trial court may still award or deny prejudgment interest in its discretion, depending on the circumstances of the case." Tri-S Corp., 110 Hawai'i at 498, 135 P.3d at 107; see Page v. Domino's Pizza, Inc., 80 Hawai'i 204, 209, 908 P.2d 552, 557 (App. 1995) (upholding a denial of prejudgment interest where the trial court found that the period of time it took to complete the case was not extraordinary considering "the totality of the case.").

Gee made no showing in his Motion for Default Judgment that there were substantial delays in the judgment such that an award for prejudgment interest would correct an injustice. Gee instead cited Appellee's failure to vacate the premises on the agreed upon date, Appellee's uncooperativeness, and Appellee's failure to pay rent. Gee's arguments on appeal of substantial delay were not made to the district court. As such, it cannot be said that the district court "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant" in not awarding prejudgment interest. Amfac, 74 Haw. at 114, 839 P.2d at 26.

**D. Request for "FOF/COL"**

Gee argues that the district court's explanation for its denial of his Motion for FOF/COL was inadequate. In denying Gee's motion, the district court wrote, "Court ruled on non-hearing motion per [District Court Rules of Civil Procedure [(**DCRCP**)] 52(a), FOF/COL are unnecessary on decisions of motions. Damages not awarded were due to insufficiency of proof."

DCRCP Rule 52 provides in relevant part:

**RULE 52. FINDINGS BY THE COURT**

(a) **Effect.** In all actions tried upon the facts, the court upon request of any party shall find the facts specially and state separately its conclusions of law thereon. Judgment shall be entered pursuant to Rule 58. Unless findings are requested, the court shall not be required to make findings of fact and conclusions of law. If an opinion or memorandum of decision is filed, stating the facts and the court's opinion on the law, it will be unnecessary to make other findings of fact and conclusions of law. Findings of fact and conclusions of law are

> <u>unnecessary on decisions of motions except as provided</u>
> <u>in Rule 41(b)</u>.
>
> . . . .
>
> **(c) When judgment is appealed.** Whenever a
> notice of appeal is filed and findings of fact and
> conclusions of law have not been made, <u>unless such</u>
> <u>findings and conclusions are unnecessary as provided</u>
> <u>by subdivision (a) of this rule</u>, the court shall find
> the facts specially and state separately its
> conclusions of law thereon.

(Emphases added.) Gee's argument rests on DCRCP Rule 52(c) because he filed a notice of appeal. However, subsection (c) provides an exception to the requirement that district courts provide FOF/COL where deemed unnecessary in subsection (a). Under subsection (a), FOF/COL are unnecessary on decisions of motions. Here, Gee had submitted a non-hearing Motion for Default Judgment on May 8, 2014, upon which the district court's judgment was based. Therefore, the district court was not required to make FOF/COL under DCRCP Rule 52.

## IV. CONCLUSION

The Judgment entered on May 15, 2014 in the District Court of the First Circuit is vacated and this case is remanded for proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, October 12, 2015.

On the brief:

Jacob M. Merrill
for Plaintiff-Appellant.

Chief Judge

Associate Judge

Associate Judge

7